UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RHONDA JONES, et al.,

      Plaintiffs,

    v.

VICTOR HILL, et al.,

      Defendants.

CIVIL ACTION NO.
1:20-CV-2791-JPB

## **ORDER**

This matter comes before the Court on the Magistrate Judge's Non-Final

Report and Recommendation [Doc. 52].  This Court finds as follows:

FACTS AND PROCEDURAL HISTORY

On July 1, 2020, Rhonda Jones, Randolph Mitchell, Michael Singleton and

Barry Watkins (collectively, "Plaintiffs")—who are all inmates at the Clayton

County Jail—filed a Class Action Complaint and Petition for Writ of Habeas

Corpus ("Complaint") against Victor Hill, Roland Boehrer, Terrance Gibson,

Kevin Thomas and Maurice Johnson (collectively, "Defendants").  [Doc. 1].  In the

Complaint, Plaintiffs bring the following causes of action:  (1) unconstitutional

punishment in violation of the Fourteenth Amendment Due Process Clause; (2)

unconstitutional conditions of confinement in violation of the Eight and Fourteenth

Amendments; (3) violations of the Americans with Disabilities Act ("ADA"); (4)

violations of the Rehabilitation Act; and (5) Petition for Writ of Habeas Corpus.

Id.  All of Plaintiffs' causes of action relate to Plaintiffs' contention that officials at

the Clayton County Jail have failed to take adequate measures to protect vulnerable

inmates from contracting COVID-19.

Defendants moved to dismiss Plaintiffs' Complaint on August 3, 2020.

[Doc. 23].  On September 16, 2020, the Magistrate Judge issued his Non-Final

Report and Recommendation wherein he recommended granting in part, and

denying in part, Defendants' Motion to Dismiss.  [Doc. 52].  More specifically, the

Magistrate Judge recommended dismissing all of Plaintiffs' claims except for the

deliberate indifference claim (Count 2).

## ANALYSIS

A district judge has broad discretion to accept, reject or modify a magistrate

judge's proposed findings and recommendations.  United States v. Raddatz, 447

U.S. 667, 680 (1980).  Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any

portion of the Report and Recommendation that is the subject of a proper objection

on a de novo basis and any non-objected-to portion under a "clearly erroneous"

standard.  Notably, a party objecting to a recommendation "must specifically

identify those findings objected to.  Frivolous, conclusive, or general objections

2

need not be considered by the district court."  <u>Marsden v. Moore</u>, 847 F.2d 1536,

1548 (11th Cir. 1988).  It is reasonable to place this burden on the objecting party

because "[t]his rule facilitates the opportunity for district judges to spend more

time on matters actually contested and produces a result compatible with the

purposes of the Magistrates Act."  <u>United States v. Schultz</u>, 565 F.3d 1353, 1361

(11th Cir. 2009).

No party objected to the Magistrate Judge's determinations that: (1) Plaintiff

Mitchell's individual claims must be dismissed because he is no longer

incarcerated at the jail; (2) Plaintiffs have standing to sue; (3) Plaintiffs' claims are

not moot; (4) Plaintiffs' claims should not be dismissed for failure to exhaust

administrative remedies; (5) Defendants are not entitled to Eleventh Amendment

immunity; and (6) the individually named defendants are not duplicative parties.

With respect to these portions, this Court has reviewed the recommendation for

clear error and finds none.

As to some of the Magistrate Judge's other determinations, Plaintiffs filed

timely objections on September 30, 2020.  [Doc. 60].  Each objection is discussed

below.

1.  Unconstitutional Punishment Claim

In Count 1 of Plaintiffs' Complaint, Plaintiffs allege that Plaintiff Jones and Plaintiff Watkins, who are pretrial detainees, are being unconstitutionally punished in violation of the Fourteenth Amendment.  The Magistrate Judge determined that Plaintiffs' unconstitutional punishment claim failed under Federal Rule of Civil Procedure 12(b)(6).  First, the Magistrate Judge noted that because Plaintiffs had raised a Fourteenth Amendment deliberate indifference claim, they could not also raise a substantive due process claim alleging the same facts.  See United States v. Lanier, 520 U.S. 259, 272 n.7 (1997) ("[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.").  The Magistrate Judge further noted that substantial Eleventh Circuit case law stands for the proposition that pretrial detainees' rights under the Due Process Clause are analyzed under the same standard as prisoners' rights under the Eighth Amendment.  E.g., Swain v. Junior, 958 F.3d 1081, 1088 (11th Cir. 2020) (observing that "a pre-trial detainee's rights exist under the due process clause of the Fourteenth Amendment but are subject to the same scrutiny as if they had been brought as deliberate indifference claims under the Eighth Amendment") (quotation and citation omitted).  In other

words, the great weight of case law in the Eleventh Circuit indicates that claims brought by pretrial detainees regarding prison conditions are analyzed under Eighth Amendment jurisprudence.  Eighth Amendment claims require a demonstration of subjective intent on the part of the defendant, and as the Magistrate Judge found, Plaintiffs have not alleged that Defendants sought to punish them by intentionally exposing them to COVID-19.  Accordingly, the Magistrate Judge concluded that Plaintiffs cannot bring a separate substantive due process claim that requires a lesser burden of proof than their deliberate indifference claim.

In their objections, Plaintiffs contend that the Magistrate Judge erred "by requiring Plaintiffs to show that Defendants intended to expose pretrial detainees to COVID-19."  [Doc. 60, p. 3].  According to Plaintiffs, they have alleged that jail officials' exposure of pretrial detainees to a serious risk of contracting COVID-19 serves no legitimate goal, and they thus have stated a claim under Bell v. Wolfish. Under Bell,

> if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment."  Conversely, if a restriction or condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees *qua* detainees.  Courts must be mindful that these inquiries spring

> from constitutional requirements and that judicial answers to
> them must reflect that fact rather than a court's idea of how best
> to operate a detention facility.

441 U.S. 520, 539 (1979).  However, the Magistrate Judge already addressed this argument by citing to several cases in which courts identified legitimate goals served by keeping detainees incarcerated, even when the conditions of that incarceration were dangerous.  [Doc. 52, p. 32].  Notably, the Eleventh Circuit has repeatedly held that cost considerations are legitimate goals, e.g., Hoffer v. Sec'y, Fla. Dep't of Corr., No. 19-11921, 2020 WL 5105013, at *10 (11th Cir. Aug. 31, 2020); and wholesale adoption of, for example, the Centers for Disease Control and Prevention's guidelines for jails and prisons during the pandemic would certainly cost the county more money.  As noted by the Eleventh Circuit in another case,

> a state's decision to maintain at a reasonable level the quality of
> food, living space, and medical care rather than improve or
> increase its provisions of those necessities serves a legitimate
> purpose: to reasonably limit the cost of detention.  It is equally
> clear that *the due process clause does not purport to regulate the
> general conditions and quality of life in the country's jails*, and
> that the courts should not attempt to make "judgment calls" to
> determine which of various marginally different conditions
> might be more appropriate.

Hamm v. DeKalb Cnty., 774 F.2d 1567, 1573 (11th Cir. 1985) (emphasis supplied).

6

In this case, Defendants clearly have a legitimate reason for detaining Plaintiffs—to ensure their appearance in court and to protect the public—and this Court thus disagrees with the notion, voiced by Plaintiffs, that requiring medically vulnerable individuals to remain in detention where they are at risk of contracting COVID-19 is not rationally related to a legitimate government objective.  That Defendants have purportedly failed to take appropriate steps to ameliorate the risk of infection to inmates likewise fails to state a substantive due process claim because the jail has a legitimate interest in limiting costs.

The issue of whether Defendants should do more to protect Plaintiffs from infection is properly raised in Plaintiffs' surviving deliberate indifference claim. Because Plaintiffs' alleged facts state a claim for deliberate indifference under the Fourteenth Amendment, Plaintiffs cannot also bring a substantive due process claim alleging the same facts.  See Dang v. Sheriff, Seminole Cnty., 871 F.3d 1272, 1280 (11th Cir. 2017).  Significantly, Plaintiffs did not even argue that the Magistrate Judge erred in this determination.  Where a constitutional amendment "provides an explicit textual source of constitutional protection against . . . intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing [the claim]."  Graham v. Connor, 490 U.S. 386, 395 (1989); see Lanier, supra, 520 U.S. at 272 n.7.

In Edwards v. Gilbert, 867 F.2d 1271 (11th Cir. 1989), a juvenile who had been convicted, but not sentenced, committed suicide while in detention.  His estate brought a 28 U.S.C. § 1983 action raising Eighth Amendment deliberate indifference and substantive due process claims.  The Eleventh Circuit held that

> [i]nvocation of fourteenth amendment substantive due process also adds nothing to plaintiff's case.  If [the inmate] is entitled to protection under the eighth amendment, then [the inmate] is afforded "no greater [substantive] protection" by the due process clause.  Whitley v. Albers, 475 U.S. [312,] 327 [(1986)].  We need not decide whether [the inmate], as a convicted but not yet sentenced inmate, is protected by the eighth amendment as a prisoner or the fourteenth amendment as a pretrial detainee because in Hamm v. DeKalb County, 774 F.2d 1567, 1574 (11th Cir.1985), we held that "in regard to providing pretrial detainees with such basic necessities as food, living space, and medical care the minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment for convicted persons."

Edwards, 867 F.2d at 1274.

Under Edwards, Plaintiffs cannot raise a substantive due process claim in addition to their deliberate indifference claim, and Plaintiffs have failed to argue otherwise in their objections.  Accordingly, this Court agrees with the Magistrate Judge that Plaintiffs' unconstitutional punishment claim must be dismissed, and therefore Plaintiffs' objection is overruled.

2.  ADA and Rehabilitation Claims

Plaintiffs next assert that the Magistrate Judge erred in concluding that their claims under the ADA and the Rehabilitation Act must be dismissed.  Relevant to this discussion, both of those provisions prohibit discrimination by jail officials against persons with disabilities and provide that persons with disabilities shall not be excluded from the benefits, services, programs or activities of the jail because of their disability.  42 U.S.C. § 12132; 29 U.S.C. § 794(a).  Claims under either act are governed by the same standard, and courts "rely on cases construing [the ADA and the Rehabilitation Act] interchangeably."  Silberman v. Miami Dade Transit, 927 F.3d 1123, 1133 (11th Cir. 2019) (citation and quotation omitted).

Under both the ADA and the Rehabilitation Act, two distinct types of claims are available.  The first claim is a disparate treatment claim where, for example, an individual is denied an opportunity for which he or she is qualified, such as a job, because of the disability.  The second type of claim is a failure to accommodate claim where an entity denies a disabled person access to a program or service because the entity refuses or fails to provide reasonable accommodations that would enable the disabled person to access the program.  This case only involves the second type of claim.  Here, Plaintiffs assert that Defendants failed to accommodate their disability in violation of the ADA and the Rehabilitation Act

by refusing to make affirmative changes to protect people who, because of their

disabilities, are particularly vulnerable to severe illness or death if they contract

COVID-19.  In other words, Plaintiffs contend that because their disabilities[1] cause

them to be more vulnerable if they happen to be infected with COVID-19, they are

thus unable to participate in jail programs because of their fear of infection.  In

recommending dismissal of this claim, the Magistrate Judge determined that

Plaintiffs' claim could not succeed because Plaintiffs failed to request an

accommodation for their disabilities.

This Court finds that Plaintiffs cannot prevail on their failure to

accommodate claim for several reasons.  First, Plaintiffs failed to request a

reasonable accommodation.  Generally, it is plaintiff who carries the burden of

demonstrating a reasonable accommodation.  Earl v. Mervyns, Inc., 207 F.3d 1361,

1367 (11th Cir. 2000).  Here, Plaintiffs assert that the only possible

accommodation is release from custody.  This Court agrees with the Magistrate

Judge that the sole accommodation demand that Plaintiffs make in their

Complaint—release from jail—is unreasonable and not permitted under the Prison

---

[1] In their response to Plaintiffs' objections, Defendants contend that Plaintiffs have failed to allege that they are disabled under the ADA or the Rehabilitation Act.  [Doc. 69, pp. 7-8].  For purposes of this discussion, this Court assumes without deciding that at least some of Plaintiffs' disabilities qualify.

Litigation Reform Act of 1996.  [Doc. 52, pp. 36-37 n.13];  <u>Gomez v. United States</u>, 899 F.2d 1124, 1126 (11th Cir. 1990) (holding that even if an inmate can show that prison conditions violate the constitution, the remedy is not release from custody but correction of the prison conditions).  Because Plaintiffs failed to allege a reasonable accommodation in their Complaint, they have failed to state an accommodation claim under the ADA.

Moreover, Plaintiffs did not request an accommodation.  Here, Plaintiffs argue that the Magistrate Judge erred in holding that requesting an accommodation is a requirement in establishing a failure to accommodate claim because "[n]either the statutes nor the case law interpreting them impose any such requirement." [Doc. 60, p. 11].  Plaintiffs' objection, however, is without merit as Eleventh Circuit case law clearly establishes that requesting an accommodation is a prerequisite for establishing an accommodation claim under the ADA and the Rehabilitation Act.

This Court acknowledges that a public entity may have a duty to accommodate a disability where the disability is plainly obvious regardless of whether a request for an accommodation has been made.  <u>Robertson v. Las Animas Cnty. Sheriff's Dep't.</u>, 500 F.3d 1185, 1197 (10th Cir. 2007).  Here, Plaintiffs do not allege in their Complaint that their conditions are obvious, and those conditions

(chronic obstructive pulmonary disease, diabetes, high blood pressure and heart disease) are not of the sort that are immediately apparent.  As such, even if Defendants have a duty to accommodate a disability where the disability is plainly obvious regardless of whether a request for an accommodation has been made, the disabilities in this case are not plainly obvious.

Significantly, the case law that Plaintiffs cite is inapposite.  For instance, the plaintiff in Pennsylvania Department of Corrections v. Yeskey, 524 U.S. 206 (1998), raised an ADA disparate treatment claim, not an accommodation claim, and United States v. Georgia, 546 U.S. 151 (2006), mostly concerns the question of whether Title II of the ADA abrogates state sovereign immunity insofar as it creates a private cause of action for damages against states and does not touch on the issue of whether an accommodation must be requested before a plaintiff can bring an ADA claim.  Ultimately, Plaintiffs' objection pertaining to the ADA and the Rehabilitation Act claim is overruled.

3.  Petition for Writ of Habeas Corpus Claim

In the final count of the Complaint, Plaintiffs seek a writ of habeas corpus for immediate release from custody pursuant to 28 U.S.C. § 2241.  The Magistrate Judge recommended dismissing this claim because § 2241 relief is unavailable under Eleventh Circuit precedent in conditions of confinement cases.  See Boyd v.

Warden, 856 F.3d 853, 865 (11th Cir. 2017) (explaining that "habeas and § 1983 are mutually exclusive avenues for relief" (internal quotation marks omitted));[2] Vaz v. Skinner, 634 F. App'x 778, 781 (11th Cir. 2015) (ruling that a "§ 2241 petition is not the appropriate vehicle for raising an inadequate medical care claim, as such a claim challenges the conditions of confinement, not the fact or duration of that confinement").

In their objections, Plaintiffs argue that this is not a conditions of confinement case because only release or transfer from the Clayton County Jail will adequately safeguard Plaintiffs.  This Court disagrees with Plaintiffs' argument that this is not a conditions of confinement case.  Plaintiffs' Complaint primarily addresses the conditions of the Clayton County Jail, the likelihood of COVID-19 spreading within the detention center and the impossibility of eliminating all potential risk of contracting COVID-19 due to purportedly inadequate conditions.  "Thus, it appears that [Plaintiffs] are in fact challenging the conditions of their confinement because absent those conditions, their claims would not exist."  Matos v. Lopez Vega, No. 20-CIV-60784-RAR, 2020 WL 2298775, at *6 (S.D. Fla. May 6, 2020).  Ultimately, because Plaintiffs are seeking

---

[2] Plaintiffs' contention that they may bring a "hybrid" §1983/2241 action relies entirely on case law from outside the Eleventh Circuit.

to contest the conditions of their confinement, they cannot avail themselves of a

petition for writ of habeas corpus.[3]

This Court is unpersuaded by Plaintiffs' argument that an exception should

be made here regarding the inapplicability of writs of habeas corpus to

constitutional confinement claims.  While this Court recognizes that the Middle

District of Georgia has noted that it is possible that an exception may exist where

the only possible remedy to an unconstitutional condition is release, A.S.M. v.

Warden, Stewart Cnty. Det. Ctr., No. 7:20-CV-62 (CDL), 2020 WL 2988307 at *4

(M.D. Ga. June 3, 2020), this Court is not convinced that this case presents that

possibility, and it is clear that the controlling case law in this circuit requires the

Court to dismiss Plaintiffs' § 2241 claims.[4]  Ultimately, this objection is overruled.

## CONCLUSION

After reviewing the entirety of the Non-Final Report and Recommendation

and considering Plaintiffs' objections, the Non-Final Report and Recommendation

---

[3] Much of Plaintiffs' argument relies on law from other circuits.  While these circuits
have held that similar petitions are appropriately decided via habeas relief based on
already existing binding circuit precedent, no such binding precedent exists in this case.

[4] In a footnote, the Magistrate Judge also determined that habeas corpus relief was
unavailable because of the Younger abstention doctrine and Plaintiffs' failure to exhaust
their administrative remedies.  Plaintiffs contend that this finding was erroneous.
Because the fact remains that this is a conditions of confinement case precluding § 2241
relief, this Court need not address whether the Magistrate Judge erred in this regard.

[Doc. 52] is **ADOPTED** as the order of this Court.  For the reasons stated by the Magistrate Judge, Defendants' Motion to Dismiss [Doc. 23] is **GRANTED IN PART AND DENIED IN PART**.

      **SO ORDERED** this 19th day of November, 2020.

_____

**J. P. BOULEE**
United States District Judge