UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RHONDA JONES, et al.,<br><br>      Plaintiffs,<br><br>  v.<br><br>VICTOR HILL, in his official capacity as Sheriff of Clayton County, Georgia, et al.,<br><br>      Defendants. | CIVIL ACTION NO.<br>1:20-CV-02791-JPB |

## **ORDER**

This matter is before the Court on Plaintiffs' Motion for Class Certification. [Doc. 7]. In their motion, Plaintiffs sought certification of six classes: one class of pretrial detainees, one class of post-adjudication detainees and four subclasses.[1] Id. at 1. Defendants did not file a response to the motion, and therefore the motion is deemed unopposed.[2] See LR 7.1(B) (Failure to file a response shall indicate that there is no opposition to the motion.). This Court finds as follows:

---

[1] Plaintiffs subsequently submitted a proposed order wherein they seek the certification of only two classes: (1) a class of all Clayton County Jail detainees; and (2) a class of medically vulnerable detainees. [Doc. 123-1].

[2] Even though Defendants did not file a response to Plaintiffs' Motion for Class Certification, they did file an objection to the form of Plaintiffs' proposed order and argued that only the Principal Class of detainees should be certified. [Doc. 127].

Federal Rule of Civil Procedure 23 governs class certification.  Class certification is proper where the party seeking certification demonstrates that:  (1) each of the prerequisites of Federal Rule of Civil Procedure 23(a) have meet met; and (2) the proposed class has satisfied at least one of the requirements listed in Rule 23(b).  Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 345 (2011).  Rule 23(a) requires a showing that:  (1) the proposed class is so numerous that joinder of all members is impracticable; (2) there are common questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.  Fed. R. Civ. P. 23(a).  In addition to these requirements, a party must also demonstrate one of the following:  (1) a risk that separate actions would create incompatible standards of conduct for the defendant or prejudice individual class members not parties to the action; (2) the defendant has treated the members of the class as a class, making appropriate injunctive or declaratory relief with respect to the class as a whole; or (3) common questions of law or fact predominate over questions affecting individual members and that a class action is a superior method for fairly and efficiently adjudicating the action.  Fed. R. Civ. P. 23(b)(1)-(3).

In this case and in light of Defendants' lack of opposition, the Court finds

that Plaintiffs have satisfied their burden to show each of the necessary requirements under Rule 23(a).  Moreover, they have also met their burden to show that a risk exists that separate actions would create incompatible standards of conduct and adjudications and that injunctive or declaratory relief would be appropriate with respect to the class as a whole.  Because class certification is proper, Plaintiffs' Motion for Class Certification [Doc. 7] is **GRANTED**.

The Principal Class is defined as follows:  All persons who are now or will in the future be detained in the Clayton County Jail.  Certification of this class is appropriate because Plaintiffs' only remaining claim for relief concerns Defendants' alleged deliberate indifference to conditions affecting detainees generally, regardless of the status of their criminal cases.  Although deliberate indifference to a substantial risk of serious illness implicates different constitutional rights for pretrial detainees and convicted detainees—with pretrial detainees' rights arising under the Fourteenth Amendment Due Process Clause and convicted detainees' rights arising under the Eighth Amendment Cruel and Unusual Punishments Clause—under Eleventh Circuit precedent the deliberate-indifference standard applies to each group in exactly the same way. See Swain v. Junior, 958 F.3d 1081, 1088 (11th Cir. 2020) (stating that "the same scrutiny" applies to deliberate indifference claims under the Fourteenth and Eighth

Amendments). Ultimately, a class consisting of all Clayton County Jail detainees is workable in this case.

This Court will also certify a Medical Vulnerable Subclass, which is defined as follows: All persons in the Clayton County Jail whose age or medical conditions make them susceptible to serious illness or death if they contract COVID-19, specifically, people aged 55 or older, or people who have been diagnosed with, or are receiving treatment for, the following conditions: asthma (moderate to severe); cerebrovascular disease; chronic kidney disease; COPD (chronic obstructive pulmonary disease); cystic fibrosis; diabetes mellitus (types 1 and 2); serious heart conditions (such as heart failure, coronary artery disease, or cardiomyopathies); hypertension; immunocompromised state (from solid organ transplant, blood or bone marrow transplant, immune deficiencies, HIV, use of corticosteroids or use of other immune weakening medicines); liver disease; neurologic conditions (such as dementia); obesity (body mass index of 30 or higher); pregnancy; pulmonary fibrosis; sickle cell disease; or thalassemia.

Certification of this subclass is appropriate because Plaintiffs alleged in thir Complaint that certain detainees are more vulnerable to COVID- 19 and require greater protections—due to age or preexisting medical conditions—that Defendants have failed to provide. [See Doc. 1, pp. 65-68]. Here, medically

vulnerable detainees may have claims for special protections from COVID-19 not shared by all Clayton County Jail detainees.

**IT IS FURTHER ORDERED** that Plaintiffs' counsel are appointed as counsel for each class.  Plaintiffs Barry Watkins and Michael Singleton shall serve as class representatives for each class.

**SO ORDERED** this 29th day of December, 2020.

J. P. BOULEE
United States District Judge