IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RHONDA JONES, et al., ) | |
| ) | |
| Plaintiffs, ) | CIVIL ACTION |
| ) | |
| v. ) | FILE NO. 1:20-CV-02791-JPB |
| ) | |
| VICTOR HILL, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION TO STRIKE MICHAEL LOVELACE'S REQUEST FOR PERSONAL INJURY RELIEF, OR IN THE ALTERNATIVE, RESPONSE IN OPPOSITION**

Defendants hereby file their motion to strike, or in the alternative, response in opposition to Plaintiff Michael P. Lovelace's *pro se* Request for Personal Injury Relief, showing the Court as follows:

## I. INTRODUCTION

On July 1, 2020, Rhonda Jones, Randolph Mitchell, Michael Singleton, and Barry Watkins ("Plaintiffs")—who are all current or former inmates at the Clayton County Jail ("CCJ")—filed a Class Action Complaint on behalf of themselves and others similarly situated against Defendants. (Doc. 1.) On July 27, 2020, Plaintiffs filed their Motion for Preliminary Injunction. (Doc. 19.) Defendants moved to dismiss Plaintiffs' Complaint on August 3, 2020. (Doc. 23.)

On November 19, 2020, the Court adopted the Magistrate Judge's Non-Final Report and Recommendation (Doc. 52) as the order of the Court and thereby dismissed all of Plaintiffs' claims except for their deliberate indifference claim (Count 2) and injunctive relief associated with same. (Doc. 73.)

On December 24, 2020, after an evidentiary hearing, the Court denied Plaintiffs' Motion for Preliminary Injunction. (Doc. 128.) On December 29, 2020, the Court granted Plaintiffs' motion for class certification thereby establishing two classes – a Principal Class and a Medical Vulnerable Subclass. (Doc. 130.) The Court further ordered that Plaintiffs' counsel are appointed as counsel for each class and that Plaintiffs Watkins and Singleton shall serve as class representatives of each class. (Id.) The case was then referred to mediation in February 2021 and the parties have been involved in ongoing mediation discussions. (Doc. 136.)

Plaintiff Michael P. Lovelace ("Lovelace"), who contends that he is a "secret service to the President" and a "plaintiff in this class action" now files a request *pro se* – nearly 9 months after the Class Action Complaint was filed – that he be entitled to his own personal injury relief "to a 14th and 8th violation." (Doc. 143.) In his request, Lovelace also complains of allegations under his "6th Amendment Right of a fast and speedy trial by 12 jurors" and allegations that his arrest denied him his "First Amendment Right to access the court system." (Id., p. 2.) Lovelace also contends that he has urgent "COVID-19 like symptoms" and he is allegedly being

denied medical treatment. (Id., pp. 3-4.) Lovelace seeks "separate relief from the current Jones relief" and applies for Federal relief for physical damage in the amount of $350,000 with medical insurance or a settlement out of court for $50,000 and credit for time-served. (Id., p. 7.)

As shown below, Lovelace's request should be denied for several reasons. **First**, Lovelace alleges that he is a class member. Therefore, he is represented by class counsel and his *pro se* filing is improper and a nullity. For this reason, Lovelace's request should be stricken and/or denied. **Second**, Lovelace is essentially seeking through his request to bring his own lawsuit separate and apart from the claims for injunctive relief set forth in the case before the Court. By virtue of his filing, however, Lovelace has not properly commenced a civil action under the Federal Rules and Local Rules and therefore his request should be denied. **Finally**, to the extent Lovelace is seeking leave to amend the Class Action Complaint, his request should be denied because of undue delay, undue prejudice, and futility of the proposed amendment. For all of these reasons, Lovelace's request should be stricken and/or denied.

## II.   ARGUMENT AND CITATION OF AUTHORITY

### A.   LOVELACE IS REPRESENTED BY CLASS COUNSEL AND HIS PRO SE FILING IS A NULLITY AND SHOULD BE STRICKEN

As an initial matter, Lovelace filed his request himself, despite the fact that he is presently represented by class counsel. "A prisoner does not have a right to file pro se pleadings while represented by counsel. Courts routinely decline to consider pro se pleadings when an inmate is represented by counsel." Hutchinson v. Florida, 677 F.3d 1097, 2012 WL 1345599, at *8 (11th Cir. 2012) (citation and internal citation omitted).

Because Lovelace is represented by counsel, his *pro se* request is not allowed and the Court should strike same. See LR 83.1D(2), NDGa. ("Whenever a party has appeared by attorney, the party may not thereafter appear or act in the party's own behalf in the action or proceeding or take any step therein unless the party has first given notice of the party's intention to the attorney of record and to the opposing party and has obtained an order of substitution from the court."). See also Chinnathambi v. Cwalina, No. 1:10-CV-02830-RLV-JCF, 2013 U.S. Dist. LEXIS 201708, at *5-6 (N.D. Ga. Apr. 8, 2013) (finding that pro se filings by plaintiffs who were represented by counsel were not allowed and directing the clerk to strike same); Cheeks v. Ocwen Loan Servicing LLC, No. 2:13-cv-197-WCO, 2013 U.S. Dist. LEXIS 202634, at *3 (N.D. Ga. Nov. 1, 2013) ("Defendants filed a motion to strike plaintiff's amended complaint, correctly noting that plaintiff may not file pleadings

pro se while simultaneously represented by counsel."). Cf. Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented.").

**B.  LOVELACE HAS NOT PROPERLY COMMENCED A CIVIL ACTION UNDER THE FEDERAL AND LOCAL RULES**

Lovelace is essentially asking to bring his own lawsuit separate and apart from the deliberate indifference claim seeking injunctive relief set forth in the case before the Court.  Lovelace is seeking his own personal injury relief "to a 14th and 8th violation."  (Doc. 143.)  Lovelace also complains of allegations under his "6th Amendment Right of a fast and speedy trial by 12 jurors" and allegations that his arrest denied him his "First Amendment Right to access the court system."  (Id., p. 2.)  Lovelace seeks "separate relief from the current Jones relief" and applies for Federal relief for physical damage in the amount of $350,000 with medical insurance or a settlement out of court for $50,000 and credit for time-served.  (Id., p. 7.)

Lovelace's request filed in an already existing case involving represented parties where an immense amount of litigation has already been conducted is not the appropriate vehicle by which to bring *his own* case. If Lovelace wants to bring a case that falls outside of the scope of the relief sought in this certified class action, he is required to commence a civil action under the Federal Rules and Local Rules

and pay costs or seek to proceed *in forma pauperis*.  See Fed. R. Civ. P. 3  and LR 3.[1]  Therefore, for this additional reason, Lovelace's request should be denied.

## C.   THE COURT SHOULD DENY ANY REQUEST BY LOVELACE TO AMEND THE COMPLAINT

To the extent the Court is inclined to consider the merits of Lovelace's request, and to the extent the Court construes Lovelace's request as seeking leave to amend the Class Action Complaint to inject individual claims,  Lovelace's request should be denied because of undue delay, undue prejudice, and futility of the proposed amendment.

### 1.   Standard on Motion to Amend Complaint

While Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a complaint shall be "freely given when justice so requires," a plaintiff's ability to amend his complaint is not limitless.  See Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008) (stating that "[a]s we have frequently observed, though leave to amend is 'freely given when justice so requires,' it is 'not an automatic right'").

---

[1] Lovelace is well familiar with how to commence a civil action.  See Michael P. Lovelace v. Sheriff Victor Hill, Civil Action No. 1:20-CV-2552-LMM (U.S. Dist. Ct. NDGA, Jan. 29, 2021).  Earlier this year, a lawsuit commenced by Lovelace against Sheriff Hill in the United Stated District Court Northern District of Georgia alleging that his Sixth Amendment right to a criminal jury trial and the right to a speedy trial were violated – the same claims he is seeking to assert in this case – was dismissed for failure to exhaust remedies in state court.   (Id., Docs. 29, 32, and 36.)

In interpreting Rule 15(a), the Supreme Court has held that leave to amend should not be allowed upon the showing of "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). A court may deny leave to file an amendment if the amendment would be futile. Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (finding that leave to amend a complaint should be denied as futile when the complaint as amended would still be properly dismissed). As shown below, Lovelace's request to amend the complaint to add his own claims at this juncture should be denied because of undue delay, undue prejudice, and futility of the proposed amendment.

## 2. **Undue Delay and Prejudice**

Lovelace's request is filed nearly 9 months after the Class Action Complaint was filed. Significant discovery and litigation has already occurred in the defense of this case. Defendants moved to dismiss the Civil Action Complaint which was fully briefed and the Magistrate Judge issued a Report and Recommendation granting the motion in part and denying the motion in part. Plaintiffs filed objections which the parties briefed and the Report and Recommendation was adopted as an order of the Court. Plaintiffs, moreover, already engaged in a significant amount of

discovery and filed their Motion for Preliminary Injunction, which was also fully briefed. Plaintiffs also filed a Motion for Class Certification.

The Court, moreover, has already held discovery conferences and held an evidentiary hearing on Plaintiffs' Motion for Preliminary Injunction. On December 24, 2020, the Court denied Plaintiffs' Motion for Preliminary Injunction. Thereafter, on December 29, 2020, the Court granted Plaintiffs' motion for class certification establishing two classes – a Principal Class and a Medical Vulnerable Subclass. The Court further ordered that Plaintiffs' counsel are appointed as counsel for each class and that Plaintiffs Watkins and Singleton shall serve as class representatives of each class. The case was then referred to mediation in February 2021 and the parties have been involved in ongoing mediation discussions. Since the ruling on Plaintiffs' Motion for Preliminary Injunction, Plaintiffs have served additional written discovery on Defendants and have subpoenaed records from CorrectHealth, LLC.

Given the amount of time and litigation that has already occurred in this case, it is axiomatic that Lovelace's request is untimely and should be denied for this reason. Additionally, and given that the case is currently in ongoing mediation discussions, Defendants would be unduly prejudiced in having to defend a separate lawsuit subsumed within an existing lawsuit, which would include but not be limited to separate discovery, separate motions practice, and possibly separate hearings and/or trials. Therefore, Lovelace's request should be denied based on undue delay

and prejudice. See, e.g., Ivey v. Snow, Nos. 1:04-CV-0394-JOF, 1:04-CV-0395-JOF, 1:04-CV-0396-JOF, 2005 U.S. Dist. LEXIS 46388, at *6 (N.D. Ga. Sep. 26, 2005) ("Because Plaintiff filed the instant motion to amend his complaint after the close of discovery, after Defendant filed his motion for summary judgment, and after the Magistrate Judge issued his Report and Recommendation, the court DENIES Plaintiffs motion to amend for lack of good cause and failure of due diligence.").

### 3.   **Futility of Proposed Amendment**

Finally, Lovelace's proposed amendment is futile because the Court would lack jurisdiction as to Lovelace's separate claims. Lovelace has not shown that he exhausted his administrative remedies under the Prison Litigation Reform Act. "Deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008).

> First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.

Id. PLRA exhaustion defenses are generally analyzed using the subject matter jurisdiction standard of Rule 12(b)(1). See Bryant v. Rich, 530 F.3d 1368, 1374–76 (11th Cir. 2008); Turner, 541 F.3d at 1082 ("This means that procedurally the defense is treated 'like a defense of lack of jurisdiction,' although it is not a jurisdictional matter."). The PLRA provides in pertinent part:

-9-

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The plain language of the statute demonstrates that it applies to detainees and inmates confined in a jail. Baker v. Duval Cty. Jail, No. 17-12453-H, 2018 U.S. App. LEXIS 28147, at *1 n.1 (11th Cir. Oct. 4, 2018) (finding that although plaintiff is a pretrial detainee, the PLRA applies to him).

Here, Lovelace does not allege in the request that he has exhausted administrative remedies at the CCJ prior to filing his request. (Doc. 143.) In turn, his claims would be subject to dismissal for failure to exhaust administrative remedies under the PLRA. See, e.g., Jones v. Petty, No. 5:10-CV-293, 2012 U.S. Dist. LEXIS 124849, at *15 (M.D. Ga. Aug. 2, 2012) (dismissing claims under the PLRA where plaintiff had five days under the jail's grievance procedure to submit a grievance regarding allegations of excessive force and failed to do so).

Therefore, because Lovelace's proposed amendment is futile, Lovelace's request should be denied. See, e.g., Hunter v. Deutsche Lufthansa AG, 863 F. Supp. 2d 190, 202 (E.D.N.Y. 2012) (where plaintiff moved to amend complaint to add new federal statutory claims, motion denied as futile because "the Court does not have personal jurisdiction over [the defendant], ... and so the addition of claims against

[that defendant] would likewise be unable to withstand a motion to dismiss for lack of personal jurisdiction").

## III.  CONCLUSION

For the reasons stated above, Lovelace's *pro se* request should be stricken and/or denied.

**FREEMAN MATHIS & GARY, LLP**

*/s/ A. Ali Sabzevari*
Jack R. Hancock
Georgia Bar No. 322450
jhancock@fmglaw.com
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com
Jacob W. Loken
Georgia Bar No. 200193
jloken@fmglaw.com
Janeen E. Smith
Georgia Bar No. 377429
jasmith@fmglaw.com

*Attorneys for Defendants*

661 Forest Parkway, Suite E
Forest Park, GA  30297
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)

## **CERTIFICATE OF COMPLIANCE**

I hereby certify, pursuant to Local Rule 7.1(D), that the foregoing has been prepared in accordance with Local Rule 5.1(C) (Times New Roman font, 14 point).

This 13th day of April, 2021.

                                        FREEMAN MATHIS & GARY, LLP

                                        */s/ A. Ali Sabzevari*
                                        A. Ali Sabzevari
                                        Georgia Bar No. 941527
                                        asabzevari@fmglaw.com

                                        *Attorney for Defendants*

661 Forest Parkway, Suite E
Forest Park, GA  30297
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)

# CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing **DEFENDANTS' MOTION TO STRIKE MICHAEL LOVELACE'S REQUEST FOR PERSONAL INJURY RELIEF, OR IN THE ALTERNATIVE, RESPONSE IN OPPOSITION** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record.

I have also served the foregoing by United States mail properly addressed with sufficient postage affixed thereon to ensure proper delivery to:

> Michael P. Lovelace, Jr.
> 0510250
> Clayton County Jail
> 9157 Tara Blvd.
> Jonesboro, GA 30326

This 13th day of April, 2021.

> /s/ A. Ali Sabzevari
> A. Ali Sabzevari
> Georgia Bar No. 941527
> asabzevari@fmglaw.com
>
> *Attorney for Defendants*

FREEMAN MATHIS & GARY, LLP
661 Forest Parkway, Suite E
Forest Park, GA  30297
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)