# EXHIBIT A

**Declaration of Jeremy Cutting**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

RHONDA JONES *et al.*,

    Plaintiffs,

v.

VICTOR HILL *et al.*,

    Defendants.

CIVIL ACTION

NO. 1:20-CV-2791-JPB-CCB

## DECLARATION OF JEREMY D. CUTTING

I, Jeremy Cutting, being competent to make this declaration and having personal knowledge of the matters stated herein, declare under penalty of perjury that the following is true and correct:

1. I am a legal fellow employed by the Southern Center for Human Rights (SCHR) and licensed to practice law in the State of Georgia. I have held my position at SCHR since September 2019.

2. In my capacity as a legal fellow, I am one of the attorneys representing the class in this case.

3. My work in this case includes communicating with class members to collect information about the current jail conditions. Since Plaintiffs' counsel cannot walk into secure areas of the jail or observe the day-to-day function of the

1

jail, the class members are an important source of information.

4. Until March, Plaintiffs' counsel had two options for confidentially communicating with people at the jail.

5. The first is through individual legal visits, which can only be initiated by attorneys, not by class members. As a result of the COVID-19 pandemic, Plaintiffs' counsel have conducted most of these visits virtually. A virtual legal visit lasts a maximum of 30 minutes and costs $11.97. The Clayton County Jail holds around 2,000 people at a given time, and the population is constantly changing. Class counsel do not have enough staff or capacity to routinely visit with each individual person in the jail.

6. The second method for confidential communications with class members is legal mail. Detainees regularly send us legal mail to keep us apprised of the conditions at the jail and other facts concerning the merits of the case. Receiving written materials through the mail is the most effective and least expensive means for class counsel to communicate with a large number of class members.

7. Additionally, it is my understanding that legal mail provides the only way for detainees to confidentially initiate communication with a lawyer. Other potential methods of communication—phone and email—are monitored by the jail

and are not confidential.

8. In mid-February 2021, SCHR sent clearly marked confidential legal mail to each person detained at the Clayton County Jail. It was counsel's first mailing to the larger class. The mail informed class members of the lawsuit and invited them to respond by sending legal mail back to SCHR. In late February, we began to hear that the mail had been distributed to certain people in their dorms but that many people still had not received the mail.

9. In early March, we heard reports from detainees that jail staff had confiscated all pens and told them that pens were now contraband. Not being able to receive legal mail from the class members will seriously inhibit our ability as counsel to communicate with the class.

I declare under penalty of perjury that the information given herein is true and correct, and I understand that a false answer to any item may result in a charge of false swearing.

Sworn by me this 12th day of April, 2021.

Jeremy D. Cutting